UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**DAVID McCHESNEY,**

                      **Plaintiff,**

      vs.                                      **9:08-CV-1186 (NAM/DEP)**
                                                **Lead Case**

**MICHAEL F. HOGAN, Commissioner, New York State Office of Mental Health, and DONALD SAWYER, Executive Director, Central New York Psychiatric Center,**

                      **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**DAVID McCHESNEY,**

                      **Plaintiff,**

     vs.                                      **9:08-CV-1290 (NAM/DEP)**
                                               **Member Case**

**MICHAEL F. HOGAN, Commissioner, New York State Office of Mental Health, TERRI MAXYMILLIAN, Director - Sex Offender Treatment Program, Central New York Psychiatric Center; VALERIE COLASANTE, Psychologist Central New York Psychiatric Center, REGINA ANDERSON, R.N., Treatment Team Leader, and DONALD SAWYER, Executive Director, Central New York Psychiatric Center,**

                      **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

David McChesney
25527-604
CNY Psychiatric Center
P.O. Box 300
Marcy, New York 13403
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Adele Taylor Scott, Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

In these consolidated *pro se* actions, plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), seeks monetary and injunctive relief under 42 U.S.C. § 1983 stemming from his civil commitment to the Central New York Psychiatric Center for participation in the Sex Offender Treatment Program ("SOTP"). Upon referral of defendants' motion to dismiss (Dkt. No. 17), United States Magistrate Judge David E. Peebles issued a Report and Recommendation (Dkt. No. 23) recommending dismissal of all of plaintiff's claims with the exception of his First Amendment claim for injunctive relief against defendants in their official capacities. Defendants do not object. Plaintiff has submitted an objection (Dkt. No. 24).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Plaintiff objects to most aspects of the Report and Recommendation, and, accordingly, the Court conducts a *de novo* review. Upon review, the Court accepts and adopts the Report and Recommendation in all respects.

In particular, as to plaintiff's Fifth Amendment claim, the Court notes that "mere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness[.]" *Chavez v. Martinez*, 538 U.S. 760, 769-70 (2003) (Thomas, J., plurality op.); *accord Higazy v. Templeton*, 505 F.3d 161, 171 (2d Cir. 2007). Thus, in the instant case, even if the potential consequences of failure to comply with SOTP requirements can be said to constitute coercion, plaintiff states no Fifth Amendment claim because he does not allege "use or derivative use of a compelled statement at any criminal proceeding against [him]." *Higazy*, 505 F.3d at 717 (quoting *Weaver v. Brenner*, 40 F.3d 527, 535 (2d Cir. 1994)). The Court agrees with Magistrate Judge Peebles that the individual defendants are entitled to qualified immunity on the First Amendment damages claim. The Court has

reviewed the materials attached to plaintiff's objection and finds they do not warrant a different result. Finally, the Court agrees that plaintiff states a claim for prospective injunctive relief on his First Amendment claim against defendants in their official capacities.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David E. Peebles (Dkt. No. 23) is accepted and adopted; and it is further

ORDERED that defendants' motion to dismiss (Dkt. No. 17) is granted in part and denied in part; and it is further

ORDERED that all claims are dismissed except the First Amendment claim for injunctive relief against defendants in their official capacities.

IT IS SO ORDERED.

Date:  March 18, 2010        _____
                             Norman A. Mordue
                             Chief United States District Court Judge