UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++

**DAVID McCHESNEY,**

                                  **Plaintiff,**

          vs.                                        **9:08-CV-1186 (NAM/DEP)**

**MICHAEL F. HOGAN, Commissioner, New York State Office of Mental Health, and DONALD SAWYER, Executive Director, Central New York Psychiatric Center,**

                                  **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

David McChesney
25527-604
CNY Psychiatric Center
P.O. Box 300
Marcy, New York 13403
Plaintiff, *Pro Se*

HON. ERIC T. SCHNEIDERMAN, Attorney General for the State of New York
Adele M. Taylor-Scott, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

      Presently before the Court is a motion (Dkt. No. 32) by defendants for summary judgment dismissing the remaining claims in this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff, a convicted sex offender, has been civilly committed to the Central New York Psychiatric Center ("CNYPC") for participation in sex offender treatment. In his complaint, plaintiff alleges that his forced participation in the Sex Offender Treatment Program ("SOTP") administered at the

CNYPC violates his constitutional rights. After motion practice, the sole remaining claims are First Amendment Establishment and Free Exercise claims for injunctive relief against defendants in their official capacities. Plaintiff, who says he is an atheist, claims that the SOTP is based in part on religious tenets and that he is being compelled to practice religion in violation of his First Amendment rights. In moving for summary judgment, defendants contend that the group treatment modalities at issue are not based on religious tenets and do not violate plaintiff's First Amendment rights. Defendants also contend that they are entitled to summary judgment due to their lack of personal involvement. Plaintiff has not submitted opposition to the motion.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge David E. Peebles has issued a Report and Recommendation (Dkt. No. 33) recommending that the motion be denied. Defendants object (Dkt. No. 34). Upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts the Report and Recommendation in large part and denies the motion for summary judgment.

## II.   DISCUSSION

The Court refers the reader to the Report and Recommendation for the background of the case, the facts, and the applicable law. In view of defendants' objections, the Court sets forth the following brief analysis.

### 1.   **Establishment Clause**

The Court first addresses the question of whether defendants have proven their entitlement to judgment dismissing plaintiff's Establishment Clause claim. The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. Magistrate Judge Peebles ably sets out the applicable law, and observes that the

ultimate inquiry for the purposes of plaintiff's Establishment Clause claim is whether the SOTP requires plaintiff's participation in religious activity.

Defendants contend that they have established the absence of religious content in the SOTP treatment modalities, and that plaintiff, having submitted no opposition to the motion, has failed to raise a material question of fact on the issue. As Magistrate Judge Peebles points out, however, the record contains only the "protocols" followed for each SOTP program, not the actual program materials. Magistrate Judge Peebles writes:

> It may well be that the treatment programs are so infused with religious principles that participation results in subtle coercion. None of the program materials have been submitted to the court, and there is no evidence as to their actual content, leaving unanswered the question of whether the primary purpose of the programs is to promote religion. On the record before the court, I am unable to resolve this issue and conclude that the treatment modalities to which plaintiff objects lack subtle coercive pressure to engage in religious activity.

(Citation omitted.) The Court has reviewed defendants' submissions and agrees with Magistrate Judge Peebles that defendants have not produced evidence establishing as a matter of law that the SOTP does not offend the Establishment Clause.

In their objection, defendants point out that plaintiff did not respond to their Statement of Material Facts and that therefore all facts therein are deemed admitted. Many of the "facts" defendants rely on, however, are actually conclusions. For example, No. 27 in defendants' Statement of Material Facts states: "The 'From the Inside Out' group modality does not advocate any religion and does not involve the use of proselytizing or religious indoctrination." This, however, is not a fact but rather a conclusion that the Court may or may not reach after reviewing the program materials. The Court concludes that defendants have not carried their burden on this motion of proving that the SOTP treatment modalities at issue do not violate the Establishment

Clause. Defendants are not entitled to summary judgment on this issue.

### 2. Free Exercise

The Free Exercise Clause states: "Congress shall make no law ... prohibiting the free exercise [of religion]." U.S. CONST. amend. I. The Court refers the reader to Magistrate Judge Peebles' summary of the applicable law. The Free Exercise Clause, the purpose of which is "to secure religious liberty in the individual by prohibiting any invasions thereof by civil authority[,]" *School Dist. of Abington Tp., Pa. v. Schempp*, 374 U.S. 203, 222-23 (1963), protects atheists as well as the religious. *See Wallace v. Jaffree*, 472 U.S. 38, 52-53 (1985). Plaintiff asserts that his participation in the SOTP requires him to practice religion in violation of his atheistic beliefs.

The question of whether the SOTP materials include religious content such as would infringe plaintiff's free exercise rights cannot be determined on this motion, for the reasons set forth above in the Establishment Clause section. As for defendants' argument that plaintiff's alleged atheism is not a belief "sincerely held" by plaintiff, the Court agrees with Magistrate Judge Peebles that the question cannot be determined on this record. Likewise, on this record, the Court cannot determine whether the SOTP requirements, if indeed they infringe plaintiff's free exercise rights, are nevertheless valid on the ground that they are reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987).

### 3. Personal Involvement

The Court agrees with Magistrate Judge Peebles that defendants are not entitled to summary judgment on the ground of lack of personal involvement.

### 4. Factual Findings

In their objection, defendants argue that the Report and Recommendation contains certain

erroneous findings.  The Court agrees that the cited portion of the record does not support the finding on page 7 of the Report and Recommendation that one of the SOTP programs, From the Inside Out, "is a treatment modality product developed by Hazeldon, which incorporates the twelve step Alcoholics Anonymous ('AA') and 'NA methodology' used in substance abuse treatment programs and is based upon Christian principles."  Rather, this is defendants' characterization of plaintiff's contention, which defendants dispute.  Similarly, the record does not support the statement on page 19 that "From the Inside Out incorporates the twelve step AA methodology."  The statement on page 18 that defendants "acknowledge that the group treatment modalities at issue incorporate spirituality" differs somewhat from defendants' position.  To the extent that the Report and Recommendation may rely on these statements, the Court does not accept it.  Nevertheless, on a reading of the entire Report and Recommendation, it is clear that Magistrate Judge Peebles' recommendations are based primarily on the absence of factual evidence – as opposed to conclusory assertions – that the SOTP does not contain material that could offend the First Amendment.  This absence is the basis for the Court's denial of summary judgment.

   **5.   Additional Evidence**

The Court agrees with Magistrate Judge Peebles that defendants have not carried their burden of demonstrating their entitlement to summary judgment, primarily because they have not submitted the SOTP materials so as to enable the Court to determine whether or not their content supports plaintiff's First Amendment claims.  Defendants' Memorandum of Law requests permission to submit additional evidence if the Court deems it necessary.  The Court declines to permit supplementation of the record on this motion.  The Court will, however, entertain a second

summary judgment motion if defendants wish to make one, provided that it is submitted within 60 days of the Memorandum-Decision and Order herein.

## CONCLUSION

It is therefore

ORDERED that, except as set forth above in Part II(4), the Report and Recommendation (Dkt. No. 33) is accepted; and it is further

ORDERED that defendants' motion for summary judgment (Dkt. No. 32) is denied; and it is further

ORDERED that defendants have leave to make a second summary judgment motion within 60 days; if no motion is made, or if defendants sooner notify the Court that they do not intend to make such a motion, the case will be set down for trial; and it is further

ORDERED that the Clerk serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

September 30, 2011

Norman A. Mordue
Chief United States District Court Judge